UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROSCOE MEDIOUS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 10-0048** |
| **ROBERT TANNER, WARDEN** | * | **SECTION: "D"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## PROCEDURAL HISTORY[1]

On September 25, 1997, petitioner, Roscoe Medious, a prisoner presently incarcerated in Avoyelles Correctional Center in Cottonport, Louisiana, was convicted, following trial by

---

[1] A portion of the procedural history was obtained from the Louisiana Fifth Circuit Court of Appeal's opinion, *State v. Medious*, 722 So.2d 1086, 1088 (La. App. 5 Cir. 1998).

jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, of possession of greater than 28 grams but less than 200 grams of cocaine, in violation of R.S. 40:967(F).[2] Petitioner was initially sentenced to fifteen (15) years incarceration. However, pursuant to a multiple bill, petitioner was adjudicated to be a second felony offender and his initial sentence was vacated and he was resentenced to thirty (30) years imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

On November 28, 1998, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence, but remanded the matter with instructions that the district court was to provide petitioner with written notification of the prescriptive period for seeking post-conviction relief. *State v. Medious*, 722 So.2d 1086 (La. App. 5 Cir. 1998). On April 23, 1999, the Louisiana Supreme Court denied petitioner's writ application. *State v. Medious*, 722 So.2d 1086 (La. 1999).

On March 3, 2003, counsel filed on petitioner's behalf a motion to correct an illegal sentence.[3] On May 9, 2003, the district court granted petitioner's motion, vacated its earlier sentence, and resentenced petitioner to thirty (30) years imprisonment at hard labor to be served without benefit of parole, probation or suspension of sentence for the first ten (10) years and the remainder of the sentence to be served without benefit of probation or

---

[2] A copy of the jury verdict is contained in the State rec., vol. 1 of 4.

[3] A copy of petitioner's motion to correct an illegal sentence is contained in the State rec., vol. 1 of 4.

suspension of sentence.[4]  At that point, petitioner had five days within which to file a motion for an appeal in connection with the trial court's resentencing.  *See* La. Code Crim. P. art. 914.[5]  Petitioner, however, made no effort to seek a direct appeal.  As such, petitioner's conviction and sentence were rendered final on May 16, 2003, after the five days available to lodge an appeal expired.  *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985).[6]

On November 20, 2004, petitioner submitted a letter, which the state district court interpreted to be an application for post-conviction relief, requesting that his case be reopened based upon newly discovered evidence.[7]  On December 22, 2004, the state district court dismissed petitioner's application without prejudice due to his "failure to use the

---

[4] A copy of the court minutes recording the court's May 9, 2009 Order is contained in the State rec, vol. 1 of 4.

[5] Article 914 was amended to increase the period within which a motion for appeal may be made from five to thirty days.  Acts. 2003, No. 949, §1.  This amendment, however, did not become effective until August 15, 2003, and, therefore, is not applicable in the instant matter.

[6] Petitioner essentially received a two-day extension of his prescriptive period since the trial court resentenced him on Friday, May 9, 2003 and, under the provisions of La. Code Crim. P. art. 13, weekends are not included in calculating a limitation period of less than seven days.

[7] A copy of petitioner's letter/pleading is contained in the State rec., vol. 1 of 4.  November 20, 2004 represents the date petitioner signed his letter rather than the date it was received by the state district court.  In *Causey v. Cain*, 450 F.3d 601, 604-605 (5th Cir. 2006), the United States Fifth Circuit determined that the federal "mailbox rule" should be employed when determining the filing date of state court pleadings for purposes of determining the timeliness of a federal habeas petition.  Under the "mailbox rule," the date a *pro se* prisoner's pleading is provided to prison officials for mailing is the date it is considered filed.  *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, a court will look to the date a prisoner signed his pleading as the earliest date the pleading could have been provided to prison officials for mailing.  *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999).

uniform application for post conviction relief approved by the Supreme Court of Louisiana. La. C.Cr.P. Art. 926(D)."[8]

On June 1, 2007, a second post-conviction application was filed on petitioner's behalf by counsel.[9] On June 18, 2007, the district court denied petitioner's application on the basis, once again, that the proper form for seeking post-conviction relief was not employed.[10]

On July 10, 2007, counsel filed on petitioner's behalf another application for post-conviction relief.[11] On July 13, 2007, the district court issued an Order dismissing petitioner's post-conviction application as untimely.[12] On August 28, 2007, the Louisiana Fifth Circuit Court of Appeal, finding "no error" with the district court's July 13, 2007 decision, denied petitioner's writ application. *State v. Medious*, No. 2007-KH-0626 (La.

---

[8] A copy of the district court's December 22, 2004 Order is contained in the State rec., vol. 1 of 4. Petitioner did not file a writ application to the state appellate court in connection with the district court's December 22, 2004 Order.

[9] A copy of petitioner's second post-conviction application is contained in the State rec., vol. 1 of 4.

[10] A copy of the district court's June 18, 2007 Order is contained in the State rec., vol. 1 of 4. No writ application was filed with the state appellate court in connection with the district court's June 18, 2007 Order.

[11] A copy of petitioner's third application for post-conviction relief is contained in the State rec., vol. 2 of 4.

[12] A copy of the district court's July 13, 2007 Order is contained in the State rec., vol. 2 of 4. The district court further noted that one of petitioner's claims was also subject to dismissal pursuant to *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996).

App. 5 Cir. Aug. 28, 2007) (unpublished opinion).[13]  On May 9, 2008, the Louisiana Supreme Court likewise denied petitioner post-conviction relief. *State v. Medious*, 980 So.2d 687 (La. 2008).

On December 25, 2009, petitioner filed the instant action for habeas corpus relief.[14] In its response, the State concedes that petitioner has exhausted his state court remedies as required under *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), but argues that petitioner's habeas application is untimely.  For the following reasons, the court agrees.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[15] *See* 28 U.S.C. § 2244(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  In this case, petitioner's conviction became final when his final sentence was imposed

---

[13] A copy of the Louisiana Fifth Circuit's unpublished opinion is contained in the State rec., vol. 4 of 4.

[14] This December 25, 2009 filing date was ascertained via the court's use of the "mailbox rule." Under this rule, a court will generally look to the date a prisoner signs his petition, in this case, December 25, 2009, as the filing date. *See* discussion *supra* at n. 7.

[15] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

on May 9, 2003.[16] Petitioner's time for seeking review expired on May 16, 2003, and, therefore, his one-year limitation period commenced running on that date, giving him until approximately May 16, 2004, to timely seek habeas corpus relief.

As noted above, petitioner filed the instant action on December 25, 2009. Thus, petitioner's federal habeas corpus application must be dismissed as untimely unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner commenced his first post-conviction proceeding in the state court system on November 20, 2004, when he filed a letter with the state district court which was treated as an application for post-conviction relief. By that point, however, his federal prescriptive period had already expired. Accordingly, the instant action is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), quoting *Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies

---

[16]In *Burton v. Stewart*, 549 U.S. 147, 156-157, 127 S.Ct. 793, 798-799, 166 L.Ed.2d 628 (2007), the Supreme Court made clear that a conviction does not become final, for purposes of determining the running of prescription under the AEDPA, until both the conviction and sentence are final. *See also Johnson v. Cain*, 2008 WL 4657276, *5 (E.D. La. Oct. 20, 2008).

principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner offers no basis for equitably tolling prescription nor has this court's review of the record uncovered any such basis.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the instant application for federal habeas corpus relief  be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[17]

New Orleans, Louisiana, this __7th__ day of _____December_____, 2010.

 

 

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[17]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.